to her by appellant, and consequently entered judgment for appellee.

 On appeal appellant makes several arguments with respect to certain other findings and rulings of the court, but it is clear that, whatever the validity of those holdings, the factual finding which we have described above will suffice by itself to sustain the judgment. Appellant points to the court's finding to the effect that misrepresentations were made by the real estate broker who arranged the sale,[2] and contends that such acts should be imputed to appellee as a principal, but the case was neither brought nor tried on this theory.

Affirmed.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

This appeal is from a judgment for $187.72 for use and occupancy of an apartment. Review of the record discloses no error affecting any substantial right of appellants.

Affirmed.

Joseph S. GULLO and Vivian B. Gullo, Appellants,

v.

VETERANS COOPERATIVE HOUSING ASSOCIATION, a corporation, Appellee.

No. 2305.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 8, 1958.

Decided March 3, 1959.

Joseph S. Gullo, pro se, and for appellant Vivian B. Gullo.

Herman Miller, Washington, D. C., for appellee.

Cynthia G. GRIFFIN and Harold J. Griffin, Appellants,

v.

Alfred W. ANDERSON, Appellee.

No. 2282.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 3, 1958.

Decided Feb. 24, 1959.

2. Whether there were misrepresentations by the broker is highly doubtful on the evidence here.